■ In the Matter of TIRCONAIL TAVERN CORP., Petitioner, v. BERTRAM D. SARAFAN et al., Constituting the State Liquor Authority, Respondents.— Proceeding pursuant to article 78 of the CPLR to review respondents' determination, dated September 7, 1972, which (1) found that petitioner had suffered or permitted gambling on the licensed premises on May 13, 1971, (2) suspended petitioner's special on-premises liquor license for a period of 10 days and (3) imposed a $1,000 bond claim. Determination annulled, on the law, without costs. The circumstances surrounding the one instance of gambling on the premises were not such as to warrant the implication that petitioner had suffered or permitted gambling on the licensed premises within the meaning of subdivision 6 of section 106 of the Alcoholic Beverage Control Law (*Matter of Kline* v. *State Liq. Auth.*, 40 A D 2d 855). Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ In the Matter of HOWARD L. YOUNG, Respondent, v. BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 6, TOWN OF HUNTINGTON, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to compel recission of appellant Board of Education's resolution abolishing the position of Attendance Teacher and to restore petitioner to that position, the appeal is from a judgment of the Supreme Court, Suffolk County, dated August 14, 1972, which directed appellants "to restore the Petitioner to the position of Attendance Teacher whether it is full time or part time." Judgment reversed, on the law, and petition dismissed on the merits, without costs. Petitioner, the holder of permanent tenure since 1964, served in the position of Attendance Teacher until June 30, 1972. The position was abolished, effective July 1, 1972, and the duties previously performed by petitioner were divided among the principals and the assistant principals in the school district. Petitioner was informed that his name would be placed on a preferred eligible list and that he would be entitled to reinstatement whenever within four years a vacancy in a similar position would develop. We are of the opinion that appellants' action fully complied with sections 2510 and 2585 of the Education Law. It is clear that appellants had the authority to abolish the position of Attendance Teacher. Sections 2510 and 2585 require *inter alia* that when a position is abolished or when a position is consolidated with another position, without creating a new position, the person filling the position prior to the abolition or consolidation be placed upon a preferred eligible list of candidates to fill a vacancy that then exists or may thereafter occur in an office or position similar to the one which such person filled and that the persons on such preferred list shall be reinstated or appointed to such vacancies, in the order of their length of service, at any time within four years after the date of abolition or consolidation. In the case at bar the position of Attendance Teacher has been abolished and the duties have been consolidated with those of pre-existing positions. Petitioner has been placed on the required list. There has been no attempt to create new positions or to create part time positions as was the case in *Matter of Baron* v. *Mackreth* (30 A D 2d 810, affd. 26 N Y 2d 1039). Accordingly, appellants violated no rights of petitioner. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.